Scott **HUMINSKI**, Plaintiff,

v.

**RUTLAND COUNTY, Rutland County Sheriff's Department, R.J. Elrick, Hon. Nancy Corsones, Hon. Patricia Zimmerman, Karen Predom, and Rutland District Court, Defendants.**

No. CIV.A. 1:99–CV–160.

United States District Court,
D. Vermont.

Feb. 27, 2001.

William Edward Kraham, Brattleboro, VT, Robert L. Corn–Revere, Hogan & Hartson, Washington, D.C., for plaintiff.

Pietro J. Lynn, Heather Elaine Thomas, Dinse, Knapp & McAndrew, P.C., Burlington, VT, Joseph Leon Winn, Vermont Attorney General's Office, Montpelier, VT, Peter Welles Hall, Reiber, Kenlan, Schwiebert, Hall & Facey, Rutland, VT, for defendants.

## Opinion and Order

MURTHA, Chief Judge.

Plaintiff, Scott Huminski, moves pursuant to Fed.R.Civ.P. 65(a) for a preliminary injunction enjoining Defendants from enforcing trespass notices already issued[1] or issued during the pendency of this suit that prohibit him from entering Vermont state court grounds or buildings. Defendants contend Huminski has not demonstrated a likelihood of success on the merits nor has he shown he will suffer irreparable harm. They also argue that even if Plaintiff will suffer harm, the issuance of an injunction would cause the Defendants to suffer a greater harm and, moreover, the scope of the injunction requested is impermissibly broad.

The Court finds the Defendants' arguments unpersuasive and GRANTS Huminski's request for a preliminary injunction based on the reasons set forth below.

## Background

In May 1999, Defendants (court personnel, law enforcement officers and others at the Vermont District Court in Rutland, Vermont) requested and issued notices of trespass prohibiting Huminski from entering upon the lands or buildings of the Rutland District Court and all courthouses in the state. Huminski contends, and Defendants do not contest, that the notices were issued because Huminski refused to remove his van from a public parking lot adjacent to the courthouse.

The van apparently presented no threat of any nature. Huminski, however, had displayed large posters on the sides of the vehicle conveying unflattering opinions of Defendant Judge Nancy Corsones' legal expertise. The Defendants' decision to execute the notices of trespass and to immediately eject Huminski from the courthouse was based exclusively on their displeasure with the van's display. Indeed, they do not allege that Huminski engaged in any other type of conduct or speech that might have threatened violence, created a nuisance, or interfered with the orderly administration of justice.

## Analysis

I. *Standard for Issuance of a Preliminary Injunction*

To obtain a preliminary injunction, Huminski must demonstrate that (1)

---

1. The Rutland Police Department issued Huminski a "Notice Against Trespass" on May 24, 1999. On May 27, 1999, the Rutland County Sheriff's Department issued him a "Notice Against Trespass."

he will suffer irreparable harm if the injunction does not issue and (2) either (a) a likelihood of success on the merits of the claim or (b) sufficiently serious questions going to the merits and that the balance of hardships tips decidedly in favor of the party seeking injunctive relief. *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir.1999). A plaintiff who demonstrates irreparable harm may usually satisfy either (a) or (b). *Able v. United States*, 44 F.3d 128, 131 (2d Cir.1995). When the party seeks an injunction to protect or regain a constitutional right, however, courts generally do not require a showing of irreparable harm. *See, e.g., Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir.1991) (when deprivation of rights derives from allegations of a First Amendment violation, irreparable harm presumptively exists).

## II. Showing Required to Support Issuance of Preliminary Injunction

■ Huminski contends that the Defendants violated his First Amendment rights by punishing him for criticizing a public official, arbitrarily banning his political views near a courthouse, and unjustifiably barring his access to court proceedings. A violation of First Amendment rights constitutes per se irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976) (loss of First Amendment freedoms "unquestionably constitutes irreparable injury"); *see also LeBlanc–Sternberg v. Fletcher*, 67 F.3d 412, 426 (2d Cir.1995). Accordingly, when an injunction is sought to protect First Amendment rights, "likelihood of success on the merits and irreparable harm merge into a single threshold requirement." *Hickerson v. City of New York*, 997 F.Supp. 418, 420 (S.D.N.Y.1998).

Because "constitutional protection does not turn upon 'the truth, popularity, or social utility of the ideas and beliefs which are offered'" and because erroneous statements are inevitable in free debate, they "must be protected if the freedoms of expression are to have the 'breathing space' that they 'need ... to survive.'" *New York Times Co. v. Sullivan*, 376 U.S. 254, 271–72, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) (quoting *N.A.A.C.P. v. Button*, 371 U.S. 415, 433, 445, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963)); *see also X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 69 (2d Cir.1999) ("The First Amendment guarantees all persons freedom to express their views.").

Huminski alleges the Defendants requested and executed the trespass orders in retaliation for signs posted "on his van that were sharply critical of a public official." (Paper 57 at 8.) He also notes the Defendants have not alleged that his ideas, or the means he used to express them, caused or threatened a disturbance of any kind. Instead, Huminski contends that their conduct was provoked by his presence in the court which constituted a "continuing protest" against Judge Nancy Corsones. (*Id.*)

Defendants counter that the trespass action was justified because Huminski was "uncooperative" when he refused to remove the van from the parking lot and the posted signs were "contrary to the fundamental operation of the building as a courthouse." (Paper 60 at 4.) They also note Huminski appeared at the courthouse without "any legitimate business to conduct" on that day or "on any day in the foreseeable future." (*Id.*) Defendants argue Huminski's lack of cooperation threatened the "decorum of the courtroom" and, thus, the trespass notices were a "reasonable restriction" on Huminski's First Amendment rights. (*Id.*) They further contend that the First Amendment does not grant Huminski the privilege of expressing his views on "court-

house property." (*Id.*) They conclude that their conduct was justified and, therefore, Huminski has no possibility of succeeding on the merits.

■ When a person alleges a violation of his First Amendment rights, in order to show a reasonable likelihood of success on the merits, the plaintiff must set forth a preponderance of evidence establishing that (1) the speech or conduct at issue was protected; (2) the defendants took adverse action against him; and (3) there was a causal connection between the protected speech and the adverse action. *See Dawes v. Walker,* 239 F.3d 489, 491–92 (2d Cir. 2001).

■ Our form of government is built on the premise that every citizen shall have the right to engage in political expression. *See, e.g., Sweezy v. New Hampshire,* 354 U.S. 234, 250, 77 S.Ct. 1203, 1212, 1 L.Ed.2d 1311 (1957). "State action designed to retaliate against and chill political expression strikes at the heart of the First Amendment." *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir.1986) (citing *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)); *see also Mozzochi v. Borden,* 959 F.2d 1174, 1179 (2d Cir.1992) (adverse government action taken in retaliation for the exercise of protected speech violates the First Amendment).

Defendants conflate the issues in defense of their conduct. Although courthouse personnel and judges arguably may deny an individual citizen access to a court in order to avoid a variety of disruptions, in this instance, the Defendants denied Huminski access to the court because they disapproved of the message he had displayed on his van. Huminski parked the van in a *public* parking lot *adjacent* to the

courthouse. Nothing about the van or its location indicates that it threatened the court with any type of impropriety, misconduct or harm.

Furthermore, Defendants' argument that their actions were reasonable because the First Amendment does not protect an individual's right to express his views on courthouse property, even assuming this to be true, is unsupported by the facts. Huminski made no attempt to carry the posters into the courthouse and there are no allegations that his conduct was disruptive, aggressive, threatening, or, for that matter, in any way extraordinary.

Finally, Defendants argue that Huminski had no "legitimate" business to conduct at the courthouse. Whether or not Huminski had "legitimate" business at the courthouse is inapposite to the issue at hand and, thus, requires no response.

Clearly, however unpopular or erroneous, Huminski's posters expressed his political opinions. Because political speech is among the most highly protected of constitutional rights, *see, e.g., Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), Huminski has provided sufficient evidence that the right at issue is protected. Moreover, the Defendants took a patently adverse action against Huminski in expelling him from all state courthouse property.

Although the suit is still in the earliest stages of discovery, based on the facts currently before the Court, it appears that the Defendants specifically and unjustifiably retaliated against Huminski because he had exercised his constitutional right of free speech.[2] Therefore, Huminski has sufficiently established a clear causal nexus between the expression of his political views and the adverse action he experi-

---

**2.** Defendants do not explain their conclusion that Huminski's signs posed an impediment to the "fundamental operation of the building

as a courthouse." Without more, the Court is unable to determine how Defendants' assertion would explain their conduct in a way that

enced as a result. Huminski thus has shown a reasonable likelihood that he will succeed on the merits of his claim.

### Conclusion

Having made a clear showing that he has and will suffer irreparable harm as a result of the Defendants' conduct, and having shown a reasonable likelihood that he will succeed on the merits, Huminski's request for a preliminary injunction is GRANTED. The Defendants are preliminarily enjoined from enforcing notices of trespass dated May 24, 1999 and May 27, 1999. Moreover, Defendants are enjoined, during the pendency of this case, from issuing or enforcing any notices of trespass against Huminski that prevent him from accessing court property where such notices are based solely upon Huminski's public expression of his political opinions so long as the expression does not disrupt or threaten the orderly performance of court business.

SO ORDERED.

would discredit the claim that their actions were purely retaliatory.